**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| In re<br><br>Grace Gorska,<br>Debtor. | )<br>)<br>)<br>)<br>) | Case No: 21-00926<br><br>Chapter: 13<br><br>Judge: Hon. Janet S. Baer |
|---|---|---|

## NOTICE OF MOTION

**TO: See attached service list**

PLEASE TAKE NOTICE that on September 17, 2021 at 9:30 a.m., or soon thereafter as I may be heard, I shall appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, and present the motion of VW Credit Leasing, Ltd ("Movant"), to Modify the Automatic Stay, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (**2**) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

BONIAL & ASSOCIATES, P.C.

/s/ Wesley T. Kozeny
Wesley T. Kozeny / # 6199471
12400 Olive Blvd, Suite 555
St. Louis, Missouri 63141
Phone: (314) 991-0255
Fax: (314) 991-6755
ILBK@BonialPC.com
Attorney for VW Credit Leasing, Ltd

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this notice and the attached motion was served on each entity shown on the attached list at the address shown and by the method indicated on the list on August 23, 2021.

Respectfully Submitted

/s/ Wesley T. Kozeny
Wesley T. Kozeny

**Service List:**

**Debtor's Attorney** — ***via Electronic Notice via CM/ECF***
David M. Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090

**Chapter 13 Trustee** — ***via Electronic Notice via CM/ECF***
Glenn B. Stearns
801 Warrenville Road, Suite 650
Lisle, Illinois 60532

**US Trustee** — ***via Electronic Notice via CM/ECF***
Office of the U.S.Trustee
219 S. Dearborn St., Room 873
Chicago, Illinois 60604

**Debtor** — ***via U.S. Mail***
Grace Gorska
1038 Swift Rd.,, Apt. #2A
Glen Ellyn, IL 60137

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No: 21-00926 |
| Grace Gorska, | ) | Chapter: 13 |
| Debtor(s). | ) | Judge: Hon. Janet S. Baer |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW VW Credit Leasing, Ltd, its subsidiaries, affiliates, predecessors in interest, successors and/or assigns ("Movant"), through the undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014, and states as follows in support of its Motion herein:

*REQUIRED STATEMENT (Form G-4) IS ANNEXED HERETO AND FILED HEREWITH AS REQUIRED BY LOCAL RULE 4001-1*

1. On January 24, 2021, the Debtor, above-named, filed a voluntary petition in Bankruptcy under Title 11, Chapter 13, U.S.C., in the United States Bankruptcy Court, for the Northern District of Illinois.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334 and applicable local rules. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue is proper in this District under 28 U.S.C. Section 1409(a).

3. The Debtor, Grace  Gorska, ("Obligor(s)") is indebted to Movant pursuant to a Lease Agreement (the "Debt Obligation"). A copy of the Debt Obligation is attached

hereto and incorporated herein as Exhibit A. Movant is entitled to enforce the Debt Obligation.

4. As security for repayment of the Debt Obligation the Obligor(s) have pledged certain collateral described as 2020 VOLKSWAGEN JETTA SEDAN, VIN: 3VWEB7BU0LM073876 ("Collateral"). A copy of the proof of perfection of Movant's interest is in the Collateral ("Security Interest") is attached hereto and incorporated herein as Exhibit B.

5. All rights and remedies under the Debt Obligation and Security Interest have been assigned to the Movant.

6. As of August 23, 2021, the outstanding indebtedness owed to Movant less any partial payments or suspense balance is $25,602.60.

7. As of August 23, 2021, the value of the Collateral is $25,425.00. The basis for this value is NADA estimate of value. A copy of said valuation is attached hereto as Exhibit C.

8. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Debt Obligation and proposed or confirmed Plan that have been missed by the Debtor as of August 23, 2021:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 3 | 06/06/2021 | 08/06/2021 | $410.35 | $1,231.05 |
| Less partial payments (suspense balance): | | | | $0.00 |
| Total: | | | | $1,231.40 |

Movant’s payment history is attached hereto as Exhibit D.

9. The address to which payments are to be made to Servicer as agent for Movant is:

National Bankruptcy Services, LLC
P.O. Box 734400
Dallas, Texas 75373-4400

10. Cause exists for relief from the automatic stay under 11 U.S.C. §362(d) for the following reasons:

a. 11 U.S.C. §362(d)(1) - For cause in that payments required to be made by Obligors to Movant are not being made as required by the Debt Obligation and the terms of the confirmed Plan.

b. 11 U.S.C. §362(d)(2)(A) & (B) - Debtor enjoys no equity in the Collateral and the Collateral is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order:

1. Terminating or modifying the stay imposed by 11 U.S.C. 362(a) allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies in and to the Collateral.

2. That the Order be binding and effective despite any conversion of the bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Dated: August 23, 2021

BONIAL & ASSOCIATES, P.C.

/s/ Wesley T. Kozeny

Wesley T. Kozeny / # 6199471
12400 Olive Blvd, Suite 555
St. Louis, Missouri 63141
Phone: (314) 991-0255
Fax: (314) 991-6755
ILBK@BonialPC.com
Attorney for VW Credit Leasing, Ltd

Form G-4

**REQUIRED STATEMENT**
**TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY**

Debtor(s) Grace Gorska Case No. 21-00926 Chapter 13

Moving Creditor VW Credit Leasing, Ltd Date Case Filed 01/24/2021

Nature of Relief Sought ☑ Lift Stay ☐ Annual Stay ☐ Other (describe) ____________

Date of Confirmation Hearing ____________ or Date Plan Confirmed 06/17/2021

1. Collateral
   a. ☐ Home
   b. ☑ Car Year, Make Model 2020 VOLKSWAGEN JETTA SEDAN, VIN: 3VWEB7BU0LM073876
   c. ☐ Other (describe) ____________

2. Balance Owed as of Petition Date $25,602.60
   Total of all other Liens against Collateral ____________

3. In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4. Estimated Value of Collateral (must be supplied in *all* cases) $25,425.00

5. Default
   a. ☐ Pre-Petition Default
      Number of months ________ Amount: ____________
   b. ☑ Post-Petition Default
      Number of months ________ Amount: ____________
      i. ☑ On direct payments to the moving creditor
         Number of months 3 Amount: $1,231.40
      ii. ☐ On payments to the Standing Chapter 13 Trustee
         Number of months ________ Amount: ____________

6. Other Allegations
   a. ☑ Lack of Adequate Protection § 362(d)(1)
      i. ☐ No insurance
      ii. ☐ Taxes unpaid Amount ____________
      iii. ☑ Rapidly depreciating asset
      iv. ☐ Other (describe): ____________
   b. ☑ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)
   c. ☑ Other "Cause" § 362(d)(1)
      i. ☐ Bad Faith (describe) ____________
      ii. ☐ Multiple Filings
      iii. ☑ Other (describe): Failure to pay per the contract and confirmed Plan
   d. Debtor's Statement of Intention regarding the Collateral
      1. ☐ Reaffirm ii. ☐ Redeem iii. ☐ Surrender iv. ☐ No Statement of Intention Filed

Date: August 23, 2021

/s/ Wesley T. Kozeny
Counsel for Movant

Lease Date: [redacted]

# MOTOR VEHICLE LEASE AGREEMENT (WITH ARBITRATION PROVISION)

Volkswagen Credit

EXHIBIT - A

| Lessor Name and Business Address | Lessee Name and Address | Co-Lessee Name and Address |
|---|---|---|
| NAPLETON'S VW<br>333 W Rand Rd<br>Mount Prospect, IL 60056 | GRACE SORSKA<br>1938 SWIFT ROAD UNIT 2A<br>GLEN ELLYN, IL 60137<br>County: DUPAGE | N/A<br>N/A<br>N/A<br>County: N/A |

| Lessee Billing Address (if different than above) | Vehicle Garaging Address (if different than above) |
|---|---|
| N/A | N/A<br>County: N/A Principal Driver: (if business use) N/A |

In this Lease, "you" and "your" mean the lessee and co-lessee. "We," "us" and "our" mean the Lessor named above, and any assignee of this Lease.

☑ If this box is checked, Lessor will assign this Lease and sell the vehicle to VW Credit Leasing, Ltd. ("Assignee") and VW Credit, Inc. helped arrange this Lease. The terms, conditions, and disclosures in this Lease govern your Lease with us. Each of you who signs the Lease is jointly and severally liable to us for all Lease obligations. You are leasing the Vehicle described below (the "Vehicle") from us. You agree to pay all amounts due under the Lease and fulfill all your obligations under the Lease. In this Lease, "e" means an estimate. The Consumer Leasing Act Disclosures shown below are also terms of this Lease. You are leasing the Vehicle and have no ownership rights in the Vehicle unless you exercise your purchase option.

**Monthly Payment Lease:** If your payment schedule shows monthly scheduled payments in Item 3A, your Lease is a monthly payment lease.
**Single Payment Lease:** If your payment schedule shows a single scheduled payment in Item 3B, your Lease is a single payment lease.

## 1. The Vehicle

| New/Used | Year | Make | Model | Body Style | Vehicle ID # | Odometer | Primary Use |
|---|---|---|---|---|---|---|---|
| NEW | 20[illegible] | VOLKSWAGEN | JETTA | SCI AUTO W/ULEV/FR/B[illegible] | [illegible] | 12 | Personal, unless otherwise indicated below ☐ business ☐ agricultural |

## CONSUMER LEASING ACT DISCLOSURES

**2. Amount Due at Lease Signing or Delivery** (Itemized in Item 6) $ 1,661.31

**3. Scheduled Payments**
A. Your first monthly payment of $ 410.35 is due on 01/07/21, followed by 38 monthly payments of $ 410.35, due on the 6 of each month.
B. Your single payment of $ N/A is due on N/A.
C. The Total of your Scheduled Payments is $ 16,003.65.

**4. Other Charges** (not part of your scheduled payment)
A. Disposition fee (if you do not purchase the Vehicle and we do not waive the fee under Item 20(i)) $ 395.00
B. N/A $ N/A
C. N/A $ N/A
D. Total $ 395.00

**5. Total of Payments** (The amount you will have paid by the end of the Lease) $ 17,640.51 (2 + 3C + 4D − 6A3 − 6A4 − 6A5)

## 6. Itemization of Amount Due at Lease Signing or Delivery

| A. Amount Due at Lease Signing or Delivery: | |
|---|---|
| 1. Capitalized cost reduction | $ N/A |
| 2. Taxes on capitalized cost reduction | $ N/A |
| 3. First monthly payment | $ 410.35 |
| 4. Single scheduled payment | $ N/A |
| 5. Refundable security deposit | $ N/A |
| 6. Lease acquisition fee | $ N/A |
| 7. Title fees | $ N/A |
| 8. License and registration fees | $ N/A |
| 9. Sales/use tax | $ 1,250.96 |
| 10. N/A | $ N/A |
| 11. N/A | $ N/A |
| 12. N/A | $ N/A |
| 13. Total | $ 1,661.31 |

| B. How the Amount Due at Lease Signing or Delivery will be paid: | |
|---|---|
| 1. Net trade-in allowance | $ N/A |
| 2. Rebates and noncash credits | $ N/A |
| 3. Amount to be paid in cash | $ 1,661.31 |
| 4. Other N/A | $ N/A |
| 5. Total | $ 1,661.31 |

## 7. Your scheduled payment is determined as shown below:

| | | |
|---|---|---|
| **A. Gross capitalized cost.** The agreed upon value of the Vehicle ($ 24,873.00) and any items you pay over the Lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance). | | $ 27,011.60 |
| **B. Capitalized cost reduction.** The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the gross capitalized cost. | − | $ N/A |
| **C. Adjusted capitalized cost.** The amount used in calculating your base scheduled payment. | = | $ 27,011.60 |
| **D. Residual value.** The value of the Vehicle at the end of the Lease used in calculating your base scheduled payment. | − | $ 13,487.50 |
| **E. Depreciation and any amortized amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease term. | = | $ 13,524.10 |
| **F. Rent charge.** The amount charged in addition to the depreciation and any amortized amounts. | + | $ 2,479.55 |
| **G. Total of base scheduled payments.** The depreciation and any amortized amounts plus the rent charge. | = | $ 16,003.65 |
| **H. Lease payments.** The number of payments in your Lease. | ÷ | 39 |
| **I. Base scheduled payment.** | = | $ 410.35 |
| **J. Sales/use tax (e).** | + | $ N/A |
| **K. Total Scheduled Payment.** | = | $ 410.35 |

**Early Termination. You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.**

**8. Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 12,000 miles per year at the rate of $ 0.20 per mile.

**9. Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the Lease term for $ 13,487.50, plus a purchase option fee of $ 395.00. The purchase option price does not include official fees such as those for taxes, tags, licenses and registration.

**10. Other Important Terms.** See your Lease documents for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

## 11. The Trade-In Vehicle

Year N/A
Make N/A
Model N/A

A. Gross Amount of Trade-In Allowance $ N/A
B. Prior Credit or Lease Balance − $ N/A
C. Net Trade-In Allowance (if less than 0 then enter 0) = $ 0.00

## 12. Itemization of Gross Capitalized Cost

| | |
|---|---|
| A. Agreed upon value of the Vehicle: | $ 24,873.00 |
| Other amounts included in the gross capitalized cost: | |
| B. Taxes | $ N/A |
| C. Title, license, and registration fees | $ 241.00 |
| D. Lease acquisition fee | $ 600.00 |
| E. Documentation fee | $ 302.60 |
| F. Prior credit or lease balance | $ N/A |
| G. N/A | $ N/A |
| H. N/A | $ N/A |
| I. N/A | $ N/A |
| J. N/A | $ N/A |
| K. N/A | $ N/A |
| Optional Products and Services: | |
| L. N/A | $ N/A |
| M. N/A | $ N/A |
| N. VW DRIVE EASY | $ 795.00 |
| O. N/A | $ N/A |
| P. N/A | $ N/A |
| Q. N/A | $ N/A |
| R. Total Gross Capitalized Cost: | $ 27,011.60 |

**IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THIS LEASE, WE MAY RETAKE THE VEHICLE.**

**13. Official Fees and Taxes.** The total amount you will pay for official and license fees, registration, title and taxes over the term of your Lease, whether included in your scheduled monthly payments or assessed otherwise: $ 643.00 (e). The actual total of fees and taxes may be different than this estimate based on changes in the tax or fee rates and the value of the Vehicle when the fee or tax is determined.

**14. Late Payments.** For any payment not received within 10 days of the date it is due, you will pay a late charge of: 5% OF THE UNPAID AMOUNT OF THE PAYMENT. You will not have to pay a late charge if the only amount that is late is a late charge you owed for an earlier late payment.

**15. Returned Payment and Unpaid Fines and Fees.** You will also pay a returned instrument charge of $ 25.00 for any check, instrument or electronic funds debit that is returned unpaid for any reason, if the law allows it. If you don't pay a fine, penalty, toll, or parking ticket and we elect to pay it, you will reimburse us for the amount paid plus a $ 25.00 Administrative Fee per incident, if the law allows it.

**16. Warranties.** The Vehicle is subject to the manufacturer's standard warranty, unless this box is checked: ☐
☐ If this box is checked, the Vehicle is subject to the following express warranties:
N/A
N/A
N/A
Warranty papers that are separate from this Lease state any coverage limits.
The law gives you a warranty that the Vehicle conforms to the description in this Lease. **THERE ARE NO OTHER EXPRESS WARRANTIES ON THE VEHICLE.**
Except as prohibited by law, the following sentence applies. **WE DISCLAIM ANY WARRANTIES IMPLIED BY LAW, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE.**
If we make a written warranty covering the Vehicle or, within 90 days of the Lease Date we enter into a service contract covering the Vehicle, this disclaimer will not affect any implied warranties during the term of the warranty or service contract.

## 17. OPTIONAL PRODUCTS AND SERVICES

You are not required to buy any of the following optional products and services to enter into the Lease. The term of any product or service will be the Lease term, unless a different term is shown below. If you decide you want to purchase an optional product or service, review the terms of the contract that describe the product or service before you initial below. A completed copy of the contract will be given to you as soon as practicable. **By initialing below, you indicate that you want to buy the optional products and services indicated. If the cost shown below is not shown as part of the Itemization of Amount Due at Lease Signing or Delivery (Item 6), it has been added to the Gross Capitalized Cost (Item 12).**

| Optional Product or Service | Coverage | Price | Name of Provider | Approval |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | Lessee Initials N/A |
| N/A GG | N/A | N/A | N/A | Lessee Initials N/A |
| Multi-Coverage ~~WEAR CARE~~ | 39 /[illegible] | 795.00 | VW DRIVE EASY | Lessee Initials GG |
| N/A | N/A | N/A | N/A | Lessee Initials N/A |
| N/A | N/A | N/A | N/A | Lessee Initials N/A |
| N/A | N/A | N/A | N/A | Lessee Initials N/A |

## 18. EXTRA MILEAGE

You are purchasing N/A extra miles per year at a rate of $ N/A per mile. The extra miles are included in the amount shown in Item 8 "Excessive Wear and Use." ☐ If this box is checked, you will receive a credit for unused purchased extra miles if this Lease ends on or after the start of the last monthly period (see Item 20A). This credit will equal N/A cents per purchased unused mile times each mile under N/A, up to the N/A total extra miles you purchased. You will not receive this credit for unused purchased miles if this Lease ends before the start of the last monthly period, the Vehicle is destroyed, you purchase the Vehicle, or you are in default.

## 19. TYPES AND AMOUNTS OF REQUIRED INSURANCE COVERAGE

You must maintain the following types and minimum amounts of insurance: $ 25,000 per person for bodily injury; $ 50,000 per accident for bodily injury; $ 20,000 per accident for property damage. If the minimum amounts of insurance required by the state in which the vehicle is garaged are higher than amounts stated in this Lease, you agree to maintain insurance that meets the minimum state requirements. You agree to maintain collision, fire, theft, and comprehensive coverage with a maximum deductible of $ 1,000. See Item 25(a) for additional insurance provisions. You confirm that insurance policies that meet the requirements described in this Lease are in force on the date of this Lease.

## 20. LAST MONTHLY PERIOD AND LEASE TERM

A. The start of the last monthly period for a monthly payment lease is the due date for the last monthly payment. For a single payment lease, the start of the last monthly period is the date that is one month before the scheduled lease end.
B. The scheduled lease term is 39 months.

## 21. HOW THIS LEASE CAN BE CHANGED

This Lease contains the entire agreement between you and us relating to the Lease. Any change to the Lease must be in writing and you and we must sign it. No oral changes are binding.
Lessee Signs X [signature]
Co-Lessee Signs X N/A

## 22. EXCESS WEAR WAIVER

We will waive excess wear charges (Item 20(c)) in an amount up to $ N/A, at the time this Lease ends, you enter into a motor vehicle lease or installment sale contract that the dealer assigns to VW Credit Leasing, Ltd. or VW Credit, Inc. dba Volkswagen Credit and Audi Financial Services.

**NOTICE: THE OTHER SIDE OF THIS LEASE CONTAINS IMPORTANT TERMS AND CONDITIONS, INCLUDING AN ARBITRATION PROVISION. THE TERMS AND CONDITIONS ON THE REVERSE SIDE ARE PART OF THIS LEASE.**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision, Item 26, on the reverse side of this Lease, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Lessee Signs X [signature] Co-Lessee Signs X N/A

***Rent charge may be negotiable. Lessor may assign this Lease and retain a right to receive a portion of the rent charge.***

**NOTICE TO THE LESSEE: This is a lease. You have no ownership rights in the vehicle unless and until you exercise your option to purchase the vehicle, if this lease contains a purchase option. Do not sign this lease before you read it. Early termination may require you to pay a substantial amount. You are entitled to a completed copy of this lease when you sign it.**

**YOU AGREE TO THE TERMS OF THIS LEASE. YOU ACKNOWLEDGE YOU HAVE EXAMINED THE VEHICLE, THAT THE VEHICLE IS EQUIPPED AS YOU WANT, AND THAT IT IS IN GOOD CONDITION. YOU ACCEPT THE VEHICLE FOR ALL PURPOSES OF THE LEASE. YOU UNDERSTAND THAT YOU HAVE NO OWNERSHIP RIGHTS IN THE VEHICLE UNLESS YOU EXERCISE YOUR OPTION TO PURCHASE THE VEHICLE. YOU CONFIRM THAT BEFORE YOU SIGNED THIS LEASE, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU READ BOTH SIDES OF THIS LEASE, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE (ITEM 26), BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED THIS LEASE.**

## LESSEE SIGNATURES

Lessee Signature [signature] Date 01/07/21
Co-Lessee Signature N/A Date N/A
Type/Print Lessee Name GRACE SORSKA
Type/Print Co-Lessee Name N/A
Commercial Lessee N/A Date N/A By
Type/Print Name Type/Print Title

**GUARANTY:** To induce us to lease the Vehicle to Lessee, each person who signs as a Guarantor individually guarantees the payment of this Lease. If Lessee fails to pay any money owing on this Lease, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Lessee has a complete defense to Guarantor's demand for payment. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Lessee more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) accept less from the Lessee than the total amount owing; or (4) otherwise reach a settlement relating to this Lease or extend the Lease. Each Guarantor acknowledges receipt of a completed copy of this Lease and guaranty at the time of signing. To the extent permitted by applicable law, Guarantor waives notice of acceptance of this Guaranty, notice of the Lessee's non-payment, non-performance, and default; and notices of the amount owing at any time and of any demands upon the Lessee.

Guarantor Signature X Date N/A Type/Print Guarantor Name N/A
Guarantor Address N/A

## LESSOR'S ACCEPTANCE

The Lessor's authorized signature indicates the Lessor has accepted the terms, conditions and obligations of this Lease.

Lessor Name: NAPLETON'S VW
Assignee Name: VW Credit Leasing, Ltd.
By: [signature]
Type/Print Name: JOSH CHAVEZ
Type/Print Title: Finance Manager

## 23. DEFAULT, REPOSSESSION AND OTHER REMEDIES

If any of the following occurs, you will be in default under this Lease: • You do not pay any payment on its scheduled due date under this Lease; • You do not pay any other amount due under this Lease when we ask that you pay it; • You provide any false or misleading information in any Lease application; • You fail to maintain required insurance; • You lose possession of the Vehicle by confiscation, forfeiture or other involuntary transfer whether or not the Vehicle is the subject of judicial or administrative proceedings; • You assign the Lease or transfer the Vehicle without our prior written permission, or attempt to do either; • You start a bankruptcy, receivership, or insolvency proceeding or one is started against you or your property; • You do anything that endangers the Vehicle or your ability to pay your Lease obligations; • You fail to return the Vehicle when required to do so under this Lease; • You fail to meet any other obligation under this Lease; • You do anything the law says is a default.

If you are in default, after providing any notice and waiting any time the law requires, we may do any of the following: • End this Lease early and require you to pay the amount due at early termination; • Take any action we believe is required to protect our interest in the Vehicle (for example buying insurance) and our action will not cure your default; • Add any amounts we spend taking these actions to your Lease obligation and charge rent on the amount added, or at our option, ask you to pay these amounts right away; • If the Vehicle is equipped with electronic tracking technology, use it to find the Vehicle; • Cancel any optional products and services included with this Lease and apply any refund to your Lease obligations (you hereby instruct any provider of such products and services to pay us any refund or credit due on early cancellation); • Take (repossess) the Vehicle wherever we find it and enter any property where the Vehicle may be to do so; • Sue you for damages or to get the Vehicle back; • Pursue any other remedy the law gives us.

We will exercise our rights without breach of the peace, at reasonable times and places, in a reasonable way, as the law allows. We may use the license plates on the Vehicle to move it to a storage place. After repossessing the Vehicle, we will hold it free of any rights you may have under this Lease, subject to any right the law gives you to cure the default or recover the Vehicle. We may take and store any personal items that are in the Vehicle. If you do not ask for these items back, we may dispose of them as the law allows. Unless you tell us within five business days of any personal property you claim was in the Vehicle when it was repossessed, we will not be responsible for that property. You will pay our reasonable expenses of taking these actions as the law allows. These expenses may include expenses of taking and storing the Vehicle, attorney's fees, collection costs, and court costs.

## 24. EARLY TERMINATION LIABILITY

[illegible]

## 25. OTHER TERMS AND CONDITIONS

[illegible]

You will owe us: (i) the Adjusted Lease Balance; minus (ii) any part of your insurance deductible that you pay us; minus (iii) any settlement we receive from your insurance company; minus (iv) any amount we receive for selling the Vehicle as salvage; plus (v) if the Vehicle is returned to us, the Item 4A Disposition Fee unless this fee is waived under Item 25(f). If the amount we figure in the preceding sentence is less than zero, we will not give you a credit for that amount. We will apply the Additional Credits to the amount you owe (see Item 25(e)).

[illegible]

(s) **Jury Trial Waiver. In the event of litigation, concerning any claim or dispute, whether in contract, tort, or otherwise, you and we each agree to waive any right you and we may have to a jury trial, as the law allows.**

(t) **General.** If any part of this Lease is invalid, unenforceable or illegal in any jurisdiction, the part that is invalid, unenforceable or illegal will not be effective as to that jurisdiction. The rest of the Lease will be enforceable except as provided in the Arbitration Provision, below. This Lease is our entire agreement. We have made no promises to you not contained in this Lease. If any part of this Lease is found by a court or other dispute resolution body to be void or unenforceable, this Lease is to be read as if that part were never contained in this Lease.

## 26. ARBITRATION PROVISION

**ARBITRATION PROVISION**

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, lease or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Lessor named on the front of this Lease is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Lease was executed. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee in accordance with the rules and procedures of the chosen arbitration organization. If the rules of the chosen arbitration organization do not specify how fees must be allocated, we will pay the filing, administration, service or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law requires us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control.

Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the Vehicle, to recover amounts you owe under this Lease, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this Lease. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Opt Out: If you would like to opt out of arbitration, you may send us a written notice of opt out. The notice of opt out must provide your name, a description of the leased vehicle, including vehicle identification number (VIN), and a statement that you want to opt out of the arbitration provision. The written notice must be postmarked within 15 days of the date of this Lease and sent to VW Credit Leasing, Ltd., Arbitration Opt Out, 1401 Franklin Blvd., Libertyville, IL 60048.

## 27. NOTICE: ANY HOLDER OF THIS CONSUMER LEASE IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH (1) THE LESSEE COULD ASSERT AGAINST THE LESSOR OF THE VEHICLE LEASED PURSUANT HERETO AND (2) ARE APPARENT ON THE FACE OF THE CONSUMER LEASE. RECOVERY BY THE LESSEE SHALL NOT EXCEED AMOUNTS PAID BY THE LESSEE HEREUNDER.

## 28. LESSOR'S ASSIGNMENT

Pursuant to the terms of that certain agreement between Lessor and the Assignee for the assignment of leases by Lessor to Assignee from time to time, Lessor hereby assigns all right, title and interest in the Lease and the Vehicle and rights the Lessor may have under any guaranty executed in connection with the Lease, with full powers to Assignee to collect and discharge all obligations, any guaranty and this assignment.

EXHIBIT - B

STATE OF ILLINOIS

CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
| --- | --- | --- | --- | --- | --- |
| 3VWEB7BU0LM073876 | 2020 | VOLKSWAGEN | JETTA | SEDAN | 21028690177 |

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
| --- | --- | --- | --- | --- | --- |
| 01/28/21 | 12 | | | 01/07/21 NEW | ORIGINAL |

LEGEND(S)
ACTUAL MILEAGE

MAILING ADDRESS

VOLKSWAGEN CREDIT LEASING
1401 FRANKLIN BLVD
LIBERTYVILLE IL 60048-4460

OWNER(S) NAME AND ADDRESS

VOLKSWAGEN CREDIT LEASING LSR
GRACE GORSKA LSE
1038 SWIFT RD UNIT 2A
GLEN ELLYN IL 60137-2406

FIRST LIENHOLDER NAME AND ADDRESS

VOLKSWAGEN CREDIT LEASING
1401 FRANKLIN BLVD
LIBERTYVILLE IL 60048-4460

SECOND LIENHOLDER NAME AND ADDRESS

RELEASE OF LIEN

ASSIGNMENT OF TITLE

1. The mileage stated is in excess of its mechanical limits.
2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY.

NO TENTHS

Signature(s) of Seller(s)

Printed Name(s) of Seller(s) DATE OF SALE

Signature(s) of Buyer(s) Printed Name

I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any.
IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.

Jesse White
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.

MUST BE COMPLETED BY SELLER

DO NOT DETACH UNTIL SOLD
NOTICE OF SALE

SEE INSTRUCTIONS ON REVERSE

VOLKSWAGEN 2020 3VWEB7BU0LM073876 Date

Name of Seller (Current Registered Owner) Name of Buyer

Complete Address of Seller Complete Address of Buyer

EXHIBIT - C

J.D. POWER

8/23/2021

J.D. POWER Used Cars/Trucks

## Vehicle Information

| | |
|---|---|
| Vehicle: | 2020 Volkswagen Jetta Sedan 4D SEL 1.4L I4 Turbo Auto |
| Region: | Central |
| Period: | August 23, 2021 |
| VIN: | 3VWEB7BU0LM073876 |
| Mileage: | 27,500 |
| Base MSRP: | $25,495 |
| Typically Equipped MSRP: | $26,415 |
| Weight: | 2,970 |

## J.D. POWER Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly** | | | | |
| **Trade-In** | | | | |
| Rough | $20,100 | N/A | N/A | **$20,100** |
| Average | $21,525 | N/A | N/A | **$21,525** |
| Clean | $22,675 | N/A | N/A | **$22,675** |
| Clean Loan | $20,425 | N/A | N/A | **$20,425** |
| Clean Retail | $25,425 | N/A | N/A | **$25,425** |
| **Weekly** | | | | |
| **Auction** | | | | |
| Low | $17,375 | $116 | N/A | **$17,491** |
| Average | $20,300 | $116 | N/A | **$20,416** |
| High | $23,225 | $116 | N/A | **$23,341** |
| **Trade-In** | | | | |
| Rough | $19,500 | N/A | N/A | **$19,500** |
| Average | $20,925 | N/A | N/A | **$20,925** |
| Clean | $22,075 | N/A | N/A | **$22,075** |
| Clean Loan | $19,875 | N/A | N/A | **$19,875** |

J.D. Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2021 J.D.Power

|  | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Clean Retail | $24,825 | N/A | N/A | **$24,825** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

## Selected Options

|  | Trade-In/Loan | Retail |
|---|---|---|
| Remote Engine Starter | w/body | w/body |
| Heated Rear Seats | w/body | w/body |

J.D. Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2021 J.D.Power

EXHIBIT - D

| Creditor: | VW Credit |
|---|---|
| Debtor: | Gorska, Grace |
| Case No.: | 21-00926 |
| Loan No.: | xxxxxx0587 |
| Our File No.: | 7229-N-8758 |
| Collateral: | 2020 Volkswagen Jetta Sedan |

**PAYMENTS RECEIVED**

| | |
|---|---|
| Loan Status as of: | 8/20/2021 |
| Initial Due Date: | 2/6/2021 |
| Due Date Change: | |

| Date Received | Amount Received | Due Date | Amount Due | NSF/Late Charges/Other | Paid Over/Short | Description |
|---|---|---|---|---|---|---|
| | $ - | 2/6/2021 | $ 410.35 | $ - | $ (410.35) | Payment Accrued |
| 2/15/2021 | $ 410.35 | | | $ - | $ 410.35 | Funds Received |
| | $ - | 3/6/2021 | $ 410.35 | $ - | $ (410.35) | Payment Accrued |
| 3/26/2021 | $ 410.35 | | | $ - | $ 410.35 | Funds Received |
| | $ - | 4/6/2021 | $ 410.35 | $ - | $ (410.35) | Payment Accrued |
| 4/30/2021 | $ 410.35 | | | $ - | $ 410.35 | Funds Received |
| | $ - | 5/6/2021 | $ 410.35 | $ - | $ (410.35) | Payment Accrued |
| 6/1/2021 | $ 410.00 | | | $ - | $ 410.00 | Funds Received |
| | $ - | 6/6/2021 | $ 410.35 | $ - | $ (410.35) | Payment Accrued |
| | $ - | 7/6/2021 | $ 410.35 | $ - | $ (410.35) | Payment Accrued |
| | $ - | 8/6/2021 | $ 410.35 | $ - | $ (410.35) | Payment Accrued |
| **Total:** | **$ 1,641.05** | | **$ 2,872.45** | **$ -** | **$ (1,231.40)** | |